**HARUKO FURUNO v. ACHESON,**
Secretary of State.

**Civ. No. 8846–WM.**

United States District Court
**S. D. California, Central Division.**

Nov. 14, 1950.

**382**

A. L. Wirin and Fred Okrand, Los Angeles, Cal., for plaintiff.

Ernest A. Tolin, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty., Chief of Civil Division, Arline Martin, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

CAVANAH, District Judge.

This case presents two questions: First, was Japan at the time of the election held therein and at which the plaintiff voted in April, 1946, a "Foreign State"?, and, Second, was the act of her voting of her own free and voluntary act and not as the result of mistake, misunderstanding, undue influence and coercion?

As to the first question, the defendant urges that this Court should modify its conclusion reached in the former opinion rendered on April 4, 1949, in the two cases, consolidated, of Etsuko Arikawa v. Dean Acheson, and Miyoko Tsunashima v. Dean Acheson, 83 F.Supp. 473, 475, wherein the court held that Japan was not a "foreign state" under the evidence in those cases as contemplated by Section 801(e), Title 8, United States Code, which provides, "A person who is a national of the United States, whether by birth or naturalization, shall lose his nationality by: * * * (e) Voting in a political election in a foreign state or participating in an election or plebiscite to determine the sovereignty over foreign territory".

■ Of course, the question as to whether the statute applies in a given case depends upon what are the particular facts in the case as announced by the court in the two cases. The facts here are similar to those in the two cases referred to, and the additional facts presented clearly convinced the court that at the time of the election Japan was not a "foreign state" and the kind of election held was not one contemplated by the statute. The reasons given in the opinion in the two cases are again given and adopted here; and the additional offer and request of the defendant that the Court now consider a letter of the Secretary of State of his opinion as to the status of Japan, and certain opinions of agents of the Government, are not competent as to the determination of whether Japan is a "foreign state", but this is a matter for the court under the record in this case, and not one for the Executive Department. The opinion of this Court in the two former cases was based upon the principle and reason given by Mr. Chief Justice Marshall in the case of Cherokee Nation v. Georgia, 5 Pet., U.S., 1, 8 L.Ed. 25, and this court will say again what it said in its former opinion defining a foreign nation. "Mr. Chief Justice Marshall defines it to be one exclusively within the sovereignty of a foreign nation, and without the sovereignty of the United States. Cherokee Nation v. Georgia, 5 Pet. [U.S.] 1, 8 L.Ed. 25. The foreign nation must be independent and not governed by another. A nation which exercises its own will or judgment without the guidance or control of another. Japan in fact was under the authority and supreme power conferred upon the United States by the Allies, who delegated to the United States supreme independent authority, power and control over Japan prior to and at the time of the election, and who conceived, ordered and supervised it. It was clearly nothing more, under the evidence, than a supreme and independent act of the United States Government, and does not reach or come under the statute relating to a 'foreign state'."

■ This brings us to the consideration of the second question, "Was the act of the plaintiff, when voting, of her own free and voluntary act and not as the result of mistake, misunderstanding, undue influence and coercion? The facts here establish beyond question that when she voted it was not of her own free and voluntary act, but was the result of mistake, misunderstanding, undue influence and coercion which dominated her mind. It was not the result of a free and intelligent choice. Therefore, the conclusion is reached that a decree be granted adjudging the plaintiff is a citizen and national of the United States and, as such, entitled to the rights and privileges of a national of the United States, including a passport in order to return to the United States.

Counsel for the plaintiff will prepare and present findings and decree accordingly.