## MITSUE MASUKO KAI v. ACHESON, Secretary of State.
### Civ. A. No. 10685.

United States District Court
S. D. California, Central Division.

Nov. 14, 1950.

A. L. Wirin and Fred Okrand, Los Angeles, Cal., for plaintiff.

Ernest A. Tolin, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty., Chief of Civil Division, by Arline Martin, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

CAVANAH, District Judge.

■ This case also presents the two questions: First, Whether Japan in April, 1946, was a "Foreign State" within the meaning and intent of Section 401(e) of the United States Nationality Act, 8 U.S.C.A. § 801(e). This question has often been decided by this court under facts similar to those in the present case, and the conclusion reached was that it was not a "foreign state", and is, and was, under the supreme control and sovereignty over Japan and her people after its surrender, to the Allies, who transferred that to the United States. The situation and reasons given by the court in those other cases apply to the present case. Japan at the time this plaintiff voted was not a "foreign state", and the election held was not a political one. Japan, under the evidence and the statute, is simply an occupied country and the area is being ruled by the United States.

Coming now to the second question here, as to whether the plaintiff voted at the election of her own free will, and not through mistake, confusion and misunderstanding and as the result of undue influence, coercion and duress, here again we are confronted with the thought as to what are the particular facts in this case. The plaintiff was born in September, 1920, on the Island of Oahu, Territory of Hawaii, a territory of the United States. In July, 1928, together with her parents and brothers and sisters, she visited Japan for the purpose of visiting her grandmother. Other children of the family remained in Hawaii in the family residence. In September, 1929, all of this family who had gone to Japan returned to Hawaii. Later, in 1934, the plain-

tiff, her parents and two brothers and two of her sisters, returned to Japan again, leaving some of the children in the family residence in Hawaii. The purpose of the trip was to visit an aunt and attend school in Japan.

The war broke out in 1941, when plaintiff was going to school in Japan. Prior to that, in the spring of 1934, plaintiff received certain papers from her relatives who were then in Hawaii, which papers she filled out and prepared and presented to the American Consul in Yokohama for the purpose of returning to the United States, but was advised by the Yokohoma Consulate to present the papers to the Consul in Tokyo, which plaintiff did, but received no word from the American Consul when the war broke out in 1941. During the war she completed school and went to work in a private school in Japan as a teacher. Her husband was drafted into the Japanese Army in 1944, and she returned to live with her mother in October, 1944. In September, 1945, desiring to work and be with the American Occupation Forces she left a teaching position and took a job in a store to better her English in order that she might work for the Occupation Forces. She left this job with the store and in 1946 got a job with the 61st Cavalry Detachment in Niigata, and after this detachment closed in 1948 she obtained a position with the Military Government Unit in Niigata City, where her work was satisfactory. It was while working in the department store, and coming in contact with the American soldiers who came into the store, that the April 10, 1946 election was held. Prior to the election she had read in the newspapers and had heard over the radio statements by authorized representatives of General MacArthur's Headquarters urging the women to vote in order to democratize the country in the same manner as the United States. She went to her mother's the day before the election and was there on April 10, 1946, and while there women came and urged that she come and vote because all women in Japan were supposed to vote. She told the women that she did not want to vote, and they taunted and teased her, and after thinking the matter over she, to help bring about democracy, voted. No distinction was made either in the publicity or in her own mind between American-born women and Japanese women. This lack of distinction in the drive was made by the evidence of Mr. Justin Williams.

In the spring of 1947 plaintiff applied at the office of the United States Consul in Japan for a passport to and be registered as a citizen of the United States, which was refused on the ground that it is claimed that she lost her United States citizenship by voting in 1946.

■ As held in the case of Haruko Furuno v. Acheson, D.C., 94 F.Supp. 381, which case is also decided as of this date, the letter of the Secretary of State of his opinion and of certain other agents of the Government as to the status of Japan, is incompetent, and the above cited case applies in this case. Reference to it is here made and adopted.

■ Accordingly, the evidence in the present case is to the effect that plaintiff's voting on April 10, 1946, was not as a result of her own voluntary and free will to vote, but was as the result of undue influence, confusion and mistake, and was not her voluntary act. These facts are similar to those in Arikawa v. Acheson, 9 Cir., 83 F.Supp. 473, and others disposed of in this district.

This court finds it not necessary to discuss each witness' testimony and the documentary evidence after considering all of them, and from such consideration reached the conclusion held here.

Counsel for the plaintiff will prepare and present findings and decree accordingly.